**Mohammed Abdela OMER, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–75153.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

Mohammed Abdela Omer, Los Angeles, CA, pro se.

Judith L. Wood, Esq., Jesse A. Moorman, Esq., Law Offices of Judith L. Wood, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Gjon Juncaj, Esq., U.S. Department of Justice, Civil Div., Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

### MEMORANDUM**

Mohammed Abdela Omer, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' order summarily affirming the order of an immigration judge ("IJ") denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion, *see Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.

The agency acted within its discretion in denying Omer's motion to reopen because the documents Omer submitted with his motion did not qualify as previously undiscoverable evidence. *See* 8 C.F.R. § 1003.2(c)(1) ("[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.").

We lack jurisdiction to consider Omer's contention that his "mental impairment"

precluded him from discovering and presenting the evidence at his hearing before the IJ, because Omer did not raise this argument before the IJ and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir.2004) (explaining that exhaustion is jurisdictional).

We also lack jurisdiction to review Omer's challenge to the IJ's January 8, 2004 order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture, because Omer did not file a timely petition for review of that decision. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

